**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

**JOHN DOE,** Plaintiff,

**v. TRUSTEES OF DARTMOUTH COLLEGE,** Defendant.

**Civil Action No. _____**

---

**PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM**

Pursuant to **Local Rule 10.1(b)** and **Federal Rule of Civil Procedure 10(a)**, the Plaintiff, proceeding as **John Doe**, respectfully moves this Court for an order allowing him to proceed in this action under a pseudonym.

In support of this motion, Plaintiff states as follows:

1. Simultaneously with this motion, Plaintiff has filed a **Notice of Intention to Proceed by Pseudonym** pursuant to **LR 10.1(a)**, and has provided his true identity to the Clerk of Court under seal for administrative purposes.

2. While **Fed. R. Civ. P. 10(a)** generally requires a complaint to name all parties, the First Circuit recognizes that a district court has the discretion to allow a party to proceed anonymously when their privacy interest outweighs the public interest in disclosure. *Doe v. MIT*, 46 F.4th 61 (1st Cir. 2022).

3. Public disclosure of Plaintiff's identity would subject him to a significant risk of **professional retaliation** and social stigma within his academic and professional

community, potentially causing irreparable harm to his career and personal well-being.

4. Allowing the Plaintiff to proceed as "John Doe" does not prejudice the Defendant, **Trustees of Dartmouth College**. Plaintiff intends to provide his true identity to the Defendant's counsel at the appropriate time under a protective order, ensuring the Defendant can fully investigate and defend the claims.

5. A similar request was recently evaluated by the United States District Court for the District of Massachusetts in a related matter, ***John Doe v. President and Fellows of Harvard College*, Civil Action No. 1:26-CV-10486-ADB**, where the court granted a stay on the disclosure of Plaintiff's identity to allow for further briefing on this issue.

6. The facts of the case rely on Plaintiff's confidential academic records, which are protected under federal law (FERPA).

7. Public identification in a high-profile discrimination suit against a major institution like Harvard carries a significant risk of "blacklisting" from potential future employers and professional collaborators.

8. The Complaint alleges Harvard's admissions practices unfairly favor Jews. Critics of Jews' unfair treatment of non-Jews have reportedly faced financial harm such as "debanking".

9. Jews commonly harm or murder their opposers and the families of the opposers. For instance, President Jack Kennedy was likely murdered by apparent Israeli Mossad agent Jacob Rubinstein ("Jack Ruby") and other Jews to thwart

2

Kennedy's efforts to obstruct Israel from acquiring nuclear weapons. (Indeed, all other explanations for Kennedy's murder are unconvincing or downright schizophrenic.) Several of Kennedy's family members died or narrowly escaped death under suspicious circumstances.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant his motion and allow him to proceed in this litigation under the pseudonym "John Doe."

Dated: April 27, 2026

Respectfully submitted,

John Doe

**John Doe, Plaintiff Pro Se** c/o Clerk of Court (Under Seal)

Concord, NH 03301