UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John Doe,
         Plaintiff,

                                    Case No. 26-cv-0343-SM
         v.                         Opinion No. 2026 DNH 071

Trustees of Dartmouth College,
         Defendant

**O R D E R**

John Doe filed this action against the Trustees of Dartmouth College, alleging that Dartmouth discriminated against him when it denied him admission to its Tuck School of Business. Contemporaneously with his complaint, Doe filed a motion to proceed under a pseudonym (document no. 2). That motion is denied.

"Litigation by pseudonym should occur only in exceptional cases." Doe v. Mass. Inst. of Tech., 46 F.4th 61, 70 (1st Cir. 2022) (internal quotations omitted). Indeed, a "strong presumption" exists against proceeding by pseudonym, which "dims the public's perception of the matter and frustrates its oversight of judicial performance." Id. at 73, 67. That presumption, however, is rebuttable. In Doe v. Mass. Inst. of Tech., the Court of Appeals for the First Circuit described circumstances in which appearance by pseudonym may be

1

appropriate: (1) when the moving party "reasonably fears" that disclosure of his identity will cause "unusually severe" physical or psychological harm; (2) when public disclosure of the party's identity "would harm innocent non-parties"; (3) when "anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated;" and (4) when the suit is "bound up" with a prior confidential proceeding such that disclosure of the movant's identity "would significantly undermine" the interests served by maintaining the confidentiality of the prior proceeding.  46 F.4th at 71-72.  If a movant can establish that his or her situation presents one of these circumstances, "anonymity ordinarily will be warranted." Id. at 71.

Doe alleges that he was denied admission to Dartmouth's business school because of his "non-Jewish White ethnic heritage."  Compl. (document no. 1) at ¶ 14.  He says that despite his "outstanding qualifications," his application was rejected.  Id.  He further asserts that Dartmouth excludes nearly all "non-Jewish Whites" from admission, unless the applicant is female, "queer" or a "veteran[] of the U.S. armed forces," because those applicants "pose no threat to the Jewish Supremacists."  Id. at ¶ 16.  According to Doe, Dartmouth's admissions decisions are part of a greater plan "drafted by the

Jewish Supremacists with the express goal of exterminating non-Jewish Whites."  Id. at ¶ 14.

Doe claims that he will be subject to a "significant risk of professional retaliation and social stigma within his academic and professional community, causing irreparable harm to his career and personal well-being" should his identity be publicly disclosed (presumably due to his application's rejection, but perhaps due to his litigation theories).  Document No. 2 at ¶ 1.  He goes on to argue that "[p]ublic identification in a high-profile discrimination suit against a major institution like [Dartmouth][1] carries a significant risk of 'blacklisting' from potential future employers and professional collaborators."  Id. at ¶ 7.  And, because his complaint alleges that defendant's admission practices "unfairly favor Jews," Doe argues that, if his identity is disclosed, he could be subjected to financial harm such as "debanking," physical harm, or murder by Mossad agents.[2]  Id. at ¶¶ 8-9.  That is because, he says, "Jews commonly harm or murder their opposers and the families of

---

[1]    Doe mistakenly references Harvard instead of Dartmouth in his motion.

[2]    Doe alleges President John F. Kennedy was murdered by Israeli intelligence agents in an effort to thwart Kennedy's attempts to obstruct Israeli military efforts.

the opposers." Id. at ¶ 9. Finally, he argues that anonymity is warranted because his case relies on his academic records, which are confidential and protected under federal law.

In his motion, Doe refers to a similar case he filed in the District of Massachusetts, styled John Doe v. President and Fellows of Harvard College, No. 26-cv-10486-ADB. There, Doe seeks damages because he was denied admission to Harvard's business school due to his "non-Jewish White ethnic heritage." See id. Doe also seemingly filed an action against the University of Pennsylvania for denying him admission to the Wharton School because he is a "White, non-Jewish male." See Doe v. The Trustees of The University of Pennsylvania, No. 26-2472, 2026 WL 1497184, at *1, n. 1 (E.D. Pa. May 27, 2026). Doe's motions to proceed anonymously were denied in both actions, as both courts found that Doe's "non-specific" and "speculative" allegations were insufficient to outweigh the public's interest in open litigation. Id. at *7; John Doe v. President and Fellows of Harvard College, No. 26-cv-10486-ADB, Document No. 7 (Feb. 2, 2026, electronic order finding that Doe failed to rebut the presumption in favor of disclosure where the "alleged risks that Plaintiff sets forth in his motion are without corroboration and do not rise above a level of mere speculation").

4

So too, here.  Doe fails to sufficiently establish that his is an "exceptional" case that warrants use of a pseudonym.  MIT, 46 F.4th at 68.  To warrant anonymity here, Doe must establish that he "reasonably fears that coming out of the shadows will cause him unusually severe harm (either physical or psychological)."  MIT, 46 F.4th at 71 (emphases added).  Doe alleges only that disclosure of his identity will result in injury to his reputation, employment prospects, and financial status.  Courts have regularly held, however, that "[o]rdinary reputational injury, embarrassment, or economic loss do not meet that standard."  Smith v. Bentley Univ., No. 25-CV-12317-AK, 2026 WL 194339, at *2 (D. Mass. Jan. 26, 2026) (citing Doe v. Word of Life Fellowship, Inc., No. 11-40077-TSH, 2011 WL 2968912, at *2 (D. Mass. July 18, 2011) and Doe v. Bell Atl. Bus. Sys. Servs., Inc., 162 F.R.D. 418, 420 (D. Mass. 1995)).  See also Verogna v. Twitter, Inc., No. 20-CV-536-SM, 2020 WL 5077094, at *2 (D.N.H. Aug. 27, 2020) (noting that courts "have tended to not allow pseudonymous pleading when the request was based on generalized fears of retaliation, embarrassment, reputational injury, or economic injury") (quoting Fed. R. Civ. P. 10, commentary); Doe v. Trs. of Dartmouth Coll., No. 18-CV-040-LM, 2018 WL 2048385, at *4 (D.N.H. May 2, 2018) ("It is not enough that the plaintiff may suffer embarrassment or economic

5

harm as a result of public identification; the plaintiff must show both a fear of severe harm and that the fear is reasonable.") (citations omitted).

Doe does assert that his physical safety will be threatened if he is not allowed to proceed pseudonymously because "Jews commonly harm or murder their opposers."  Document No. 2 at ¶ 9. But, those allegations, unsupported by any particularized evidentiary showing, are, to put it charitably, not credible. That is, Doe fails to plausibly allege with any degree of specificity a legitimate threat to his physical safety.  And, finally, as noted by Judge Burroughs in her February 2, 2026, order, plaintiff's concerns regarding the confidentiality of his academic record can be easily addressed using tools "such as redacting or sealing documents to manage privacy concerns that arise during the litigation."  Doe v. President and Fellows of Harvard College, No. 26-cv-10486-ADB, Document No. 7 (Feb. 2, 2026, electronic order).  See also Smith v. Bentley Univ., No. 25-CV-12317-AK, 2026 WL 194339, at *3 (D. Mass. Jan. 26, 2026) (stating "FERPA permits limited disclosures in litigation and does not by itself mandate anonymity for a plaintiff who has chosen to bring a public lawsuit.").

Plaintiff's motion for leave to proceed under a pseudonym (document no. 2) is necessarily **DENIED**.  Within fourteen days of the date of this order, plaintiff shall notify the Clerk of the Court whether he wishes to proceed by filing his complaint on the public docket under his actual name or withdraw the complaint.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 12, 2026

cc:  Counsel of Record