FILED - USDC -NH
2026 JUN 26 AM 11:24

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


JOHN DOE,

    Plaintiff,


v.              Case No. 1:26-cv-00343-SM


TRUSTEES OF DARTMOUTH COLLEGE,

    Defendant.


## PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RELATED APPELLATE DECISION

Plaintiff John Doe ("Plaintiff"), proceeding pro se, respectfully moves this Court to stay all

proceedings in the above-captioned matter, including the June 26, 2026 deadline to notify the

Court whether he will proceed under his legal name or withdraw the Complaint, pending a

decision by the United States Court of Appeals for the Third Circuit in a related case involving

an identical legal issue. As grounds for this motion, Plaintiff states as follows:

**INTRODUCTION**

This Court has inherent authority to manage its docket in the interest of judicial economy and to

avoid duplicative litigation. Plaintiff has a virtually identical case pending in the United States

District Court for the Eastern District of Pennsylvania, where the denial of his motion to proceed

by pseudonym is currently on appeal to the Third Circuit. Courts routinely grant exactly this kind

1

of stay — including a stay of district court proceedings pending an appellate decision in a closely related case. See, e.g., *AKB Petroleum, Inc. v. Circle K Stores Inc.*, No. 23-cv-388-MMA (DEB) (S.D. Cal. Nov. 8, 2023) (granting joint motion to stay pending resolution of an appeal in a related case). Because the Third Circuit's decision will bear directly on the same procedural issue decided by this Court in its June 12, 2026 Order, a brief stay is warranted here as well. A stay will conserve judicial and party resources, reduce the risk of inconsistent rulings on the same legal question, and cause no meaningful prejudice to Defendant given the early stage of this case.

**BACKGROUND**

1.   Plaintiff commenced this action against Defendant Trustees of Dartmouth College ("Dartmouth") alleging violations of federal law.

2.   Contemporaneously with his Complaint, Plaintiff filed a Motion to Proceed by Pseudonym and a Notice of Intention to Proceed by Pseudonym pursuant to Local Rule 10.1.

3.   On June 12, 2026, this Court denied Plaintiff's motion and ordered him to notify the Clerk within fourteen days whether he would proceed under his legal name or withdraw the Complaint. (Doc. No. 7).

4.   Plaintiff also has a pending case, *Doe v. University of Pennsylvania*, No. 2:26-cv-02472-MAK (E.D. Pa.), against a different educational institution, raising substantially the same claims under substantially the same legal theory.

5.   In that case, Plaintiff also moved to proceed by pseudonym. The district court denied the motion, and Plaintiff timely appealed that denial to the United States Court of Appeals for the Third Circuit, where the appeal is currently pending as No. 26-2507.

6.   The legal issue on appeal — the proper application of the balancing test governing a party's ability to proceed by pseudonym — is the same issue this Court decided in its June 12 Order.

7.   That the defendant institution differs between the two cases does not defeat their relatedness for purposes of a stay. Courts have recognized that "[f]or two actions to be considered parallel, the parties in the actions need not be the same, but they must be substantially the same." *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94–95 (2d Cir. 2006), quoted in *Sunset Equities Ltd. v. Donald J. Urgo & Assocs., LLC*, No. 22 Civ. 8857 (PGG) (S.D.N.Y. Mar. 20, 2024). Here, Plaintiff is the common party in both actions, and the controlling legal question — the standard governing a plaintiff's ability to proceed by pseudonym — is identical in both.

## LEGAL ARGUMENT

### I.   The Court Has Broad, Inherent Authority to Stay Proceedings.

A district court has broad and inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That authority includes the power to stay an action "pending resolution of independent proceedings which bear upon the case," even where those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Courts have applied this principle to stay proceedings specifically pending the resolution of a related appeal. See *AKB Petroleum*, No. 23-cv-388-MMA (DEB) (granting stay pending appeal in related case because disposition of that appeal "will likely aid and provide guidance as to the issues presented in the present case"); see also *Dunlap v. Vilsack*, Civ. No. 2:21-cv-00942-SU (D. Or. Sept. 21, 2021) (granting stay pending resolution of related litigation in another federal court raising the same legal issue).

3

## II.    A Stay Is Warranted Because the Pending Appeal Involves the Identical Procedural Question.

The pseudonymity question presented in the parallel appeal is not merely similar — it is the identical question this Court resolved in its June 12 Order: whether Plaintiff may proceed anonymously given the nature of his claims against an educational institution. A ruling from the Third Circuit, even though not binding on this Court, will provide direct and timely guidance on how a closely analogous set of facts should be analyzed under the governing multi-factor framework. Proceeding to a final resolution in this Court before that guidance issues risks an outcome that conflicts with, or is rendered moot by, the appellate decision — precisely the concern that warranted a stay in *AKB Petroleum*, where the court found that resolution of a related appeal would "aid and provide guidance as to the issues presented in the present case." No. 23-cv-388-MMA (DEB).

## III.    A Stay Will Conserve Judicial and Party Resources and Will Not Prejudice Defendant.

Courts routinely recognize that a stay conserves resources where, as here, a case "raises issues that substantially duplicate those raised by" a case pending in another federal court. *Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 n.3 (8th Cir. 2011), quoted in *Midwest Eng'g Components, Inc. v. Bonfiglioli USA, Inc.*, No. 23-cv-0347 (WMW/TNL), slip op. at 5 (D. Minn. Sept. 20, 2023). As the *Midwest Engineering* court explained, "[a] stay is deemed appropriate for conserving judicial resources when the parties would otherwise invest time and effort in addressing claims that might subsequently become irrelevant." *Id.* (quoting *Scheffler v. Equifax Info. Servs., LLC*, No. 15-cv-3340 (JRT/FLN), 2016 WL 424969, at *4 (D. Minn. Feb. 3, 2016)).

That logic fits this case closely. If this Court requires Plaintiff to elect between disclosure and withdrawal before the Third Circuit rules, the parties and the Court may expend effort on a question — or Plaintiff may be forced to take an irreversible step, disclosing his identity on the public docket — that the Third Circuit's forthcoming decision could render moot or call into serious doubt. A short stay avoids that risk of wasted effort and irreversible action on an unsettled legal question.

Nor would a stay meaningfully prejudice Defendant. In *AKB Petroleum*, the court found that a comparable stay would "result in minimal to no damage, hardship, or inequity to either party," and that "the overlapping factual and legal issues weigh[ed] in favor of a stay" because it would "allow the Court to better manage its resources." No. 23-cv-388-MMA (DEB). The same is true here: this case is in its earliest stage — no answer has been filed, no scheduling order has issued, and no discovery has commenced — so a stay limited to the pendency of the Third Circuit appeal will impose minimal, if any, hardship on Defendant, while protecting Plaintiff from being forced to disclose his identity before the controlling legal standard is clarified.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

1.  Staying all proceedings in this matter pending a final decision from the United States Court of Appeals for the Third Circuit in No. 26-2507;

2.  Extending the Court's June 26, 2026 deadline for Plaintiff to notify the Clerk of his election under the June 12 Order until thirty (30) days after the Third Circuit's decision issues; and

3.  Granting such other and further relief as the Court deems just and proper.


## CERTIFICATE OF SERVICE

No certificate of service is required for this filing. As of the date below, Defendant Trustees of Dartmouth College has not been served with the Summons and Complaint and has not entered an appearance in this action. Plaintiff will serve Defendant with the Summons and Complaint, together with this motion and all other papers filed to date, upon completing service in accordance with Federal Rule of Civil Procedure 4.

Dated: June 24, 2026

Respectfully submitted,

*John Doe*

/s/ John Doe

John Doe, Plaintiff Pro Se

PO Box 151133

Los Angeles, CA 90015

johndoediscriminationsuit@gmail.com



Envelope XA HIEA

**Recycle me**

ORIGIN ID:EMTA   (715) 415-6705
JAMES KENYON

1100 PACIFIC MARINA
APT 408
ALAMEDA, CA 94501
UNITED STATES US

SHIP DATE: 25JUN26
ACTWGT: 0.25 LB
CAD: 6570573/ROSA2710

TO  **US COURT NEW HAMSHIRE**
**WARREN B. RUDMAN**
**55 PLEASANT STREET**

**CONCORD NH 03301**
(716) 415-6705        REF:
INV:
PO:                          DEPT:





FedEx
Express

TRK# 8735 7584 6378
0201

FRI — 26 JUN 10:30A
PRIORITY OVERNIGHT

03301
NH—US  MHT